Thank you, Your Honors. May it please the Court, Nicholas Markamp, on behalf of Petitioner Yash Paul Saini, I would reserve one minute for rebuttal. Your Honors, this is an immigration case. It is an appeal from a removal order entered by Judge Phillips on March 14, 2000. On September 26, 2002, the Board of Immigration Appeals affirmed the decision without opinion. I note in our brief, and I should address that issue at this point, we raised two issues on petition to this Court. Number one, that the decision of the immigration judge was incorrect. Number two, we challenged the procedure of the entry of the BIA opinion without opinion. But isn't your due process argument foreclosed by our own case law in Falcone? Yes, Your Honor, and that's what I was going to address. All right. So that's no longer an issue. We concede that that is no longer an issue. This case has been pending for quite some time. If somebody had taken it to the Supreme Court sometime five years ago, you would have had an argument. That's correct. So, Your Honors, what I will focus on today is merely the decision of the immigration judge. As the Court will note from the record and the briefing of the case law, Mr. Saini had applied for political asylum, withholding, and convention against torture based on an impure political opinion, based on the death of his brother-in-law and disappearance of his brother in India. After a merits hearing, the immigration judge ruled that Mr. Saini had failed to establish his burden based on his major inconsistencies in his testimony and the exhibits that he had submitted during the merits hearing. Specifically, the immigration judge seemed to key on Exhibit 4. This was a letter in English that was written by Lakbinder Singh that had indicated that Mr. Singh or Mr. Saini was not a member of any political group, that he had not been arrested, but he had had problems. Right. I'm — yes, you're going to address the letter. Yes, I am. All right. I hope that you do, because it is troublesome. It is, Your Honor. But, however, I feel that it's troublesome, given the remarks of the immigration judge. The immigration judge, in her decision, said that the letter contradicted the testimony of Mr. Saini. However, in looking closer at the testimony that Mr. Saini testified to, he never testified that he was a member of these groups, the AAIF or FIS. He said that he assisted his brother-in-law. But what is the basis for his claim that he would be targeted? It was based on his assistance to his brother-in-law and assistance to these groups. But that's not — that's not identification with any group. So I don't — I'm — Well — Was it — is it imputed? Okay. We would argue that it's imputed. However, the immigration judge never even addressed that issue. She merely said that because he wasn't a member of the group, he therefore, based on the letter, he therefore didn't — he wasn't credible, and she denied  She also went on to some great extent of — Well, see, if I — his claim, his argument must be that the — your argument to us that there's compelling evidence that he was — was credible and that he what? He testified credibly. He assisted the groups. It was imputed political opinion from his — So the government thought that he was a member of these groups? Exactly. And he testifies to that. Towards the end of his testimony, even in Cross by Mr. Spar, he testified that he feared return because of his involvement with his brother, brother-in-law in these groups. And so he helped the groups, but he wasn't a member of it? Exactly. And he testified that he wasn't a member. But the immigration judge said, this letter contradicts you, told me you're a member. But, example, at AR-50, he testifies, I was not a member of this group. Help me with where he pointed that out to the I.J. At the administrative record, AR-50, he says that I am not. Fifty. Okay. But is that in the context of the letter? No. I don't think anybody ever asked him about the letter. They asked, where did the letter come from, and why was it in English? But Mr. Spar nor Mr. Kumar, the attorney for the Petitioner, didn't say, well, how come it doesn't say you're a member? Are you a member or are you not? As I said, at AR-50, he testifies. The question, Mr. Saini, can you tell us that whether you had an association with any political party in India, what kind of political relationship? I was not a member, but I used to help along with my brother-in-law. I was not a member. I know. My problem is we have his whole claim has to be based on the community and the government and everybody thought I was a member because of this help. So here we have a government official who says he's not a member. Now, that doesn't seem to be consistent with his theory that everybody thought I was a member. It was imputed to me. The membership was imputed to me because of my help to the brother. It is consistent. The IJ ruled that the letter contradicts his testimony that he was a member. I understand what you're saying, but the basis of your claim is that he wasn't a member, but they thought he was a member, so he fears persecution. Now, when a government official says he's not a member, that seems to be inconsistent with his theory that everybody thought he was a member because he helped his brother. No, it doesn't. Well, then let me ask you this. If there is no inconsistency, I thought our law was that where there isn't the IJ thinks there's an inconsistency, the alien has to have an opportunity to explain it. I would concur with that. Did he have that opportunity? No. The judge made a ruling. I don't think she didn't say the judge – I would say he did not have the opportunity because it was not brought up in that context. The immigration – Did anybody say to him there appears to be an inconsistency? How do you explain it? Not on whether he was a member or not. The only time the government's attorney brought up inconsistencies in his testimony were why was this letter in English, and how had you – Okay. So did you ever argue that he didn't have an opportunity to explain that this wasn't an inconsistency? I didn't come into this until it was a – Did anybody? Did he ever argue that? No, no. His prior counsel at the BIA did not. And then when it was filed here, prior counsel, we substituted in. And then as the Court knows, the case went on a different track. Do you want to save your last two minutes? I do, Your Honor. He said he wanted to save one. Thank you. Good morning again, Your Honors. May it please the Court. Anthony Norwood for the Respondent. Your Honors, this is a case of a Hindu seeking Sikh asylum. And as the Court's already pointed out, the immigration judge found that the petitioner was not credible. And the factors that the immigration judge cited go to the heart of the claim. May I just ask you a question at the very beginning? The sarpent who did the letter says petitioner is of good – good of character and behavior, and that he was tortured deeply. Doesn't this actually weigh in favor of credibility? Does it – does it weigh in favor of credibility? Yes. It's – the immigration judge's point is that his testimony contradicts – is contradicted by what the sarpent said about his political opinion. As Judge Schroeder was pointing out, the sarpent – I was going to say immigration without – without allegation or reason when he was – when his – it is his claim that he was arrested for aiding terrorists, and he was arrested for driving firearms. And the sarpent would have known that. I mean, the sarpent would have known his – He might have thought it was without reason because he wasn't the one who had the firearms. It was the other people. It's pretty hard to take the letter from the sarpent and make these sophisticated analyses of what the sarpent had in mind. He – you know, sometimes they – if somebody's innocent, they say he's arrested without reason, even though there's probable cause. And I don't think the sarpent is an expert in, you know, these – these issues about what is sufficient reason for an arrest. Well – Especially when it was not filed by any charges against him. He was released. He was held for 12 days. And I don't know that he claims that he was – that no files – no charges were filed against him. Again, that can be interpreted as persecution. It's simply – it's – as you must recall, it's a question of substantial evidence and whether the evidence compels the contrary conclusion. And – and the sarpent's letter contradicts his testimony in – in that he's – that he was arrested for no reason, that he's – that he's not a member of any political organization. The sarpent's letter is also unreliable because it's in English, and it's not – it's not his name. Well, if it's unreliable, then it doesn't contradict him. And all we're talking about is credibility. If you want to get rid of the sarpent's letter, then what's the inconsistency? I don't want to get rid of the sarpent's letter, Your Honor. I just want to tell us it's unreliable. So if we consider it unreliable, we shouldn't consider it as something we can't do. It's his – it's his evidence, Your Honor, and his evidence contradicts his own testimony. What is the response to the fact that it's not inconsistent with his testimony, that he wasn't a member? I believe it is inconsistent with his testimony, that he was arrested for no allegation and he had no – and he says he had no involvement. And everyone would have known that he did have involvement. We also – there's also the doctor's letter that no one's talked about yet. The doctor's letter said that he just advised rest, and Petitioner testified that he got injections and physical therapy. I don't understand that argument. I mean, the doctor's letter is very brief and says that he was under my treatment for two weeks. He was suffering from bruises and external wounds in many parts of the body. He was advised to rest during the period of treatment. And the IJA said, well, this was inconsistent because the doctor didn't say he gave him drugs or treatment or whatever. Isn't it implicit when he's there for two weeks and the doctor says, I treated him? Why would the doctor's testimony not be valid? Why would it not – why was it inconsistent? He said, I treated him for two weeks with bruises and so forth. And was it – I keep mispronouncing the name. At any rate, Saini said that he received injections, medications, and a massage following his arrest. And the IJA said, well, the doctor didn't say that. What was the doctor doing to treat him for two weeks? If not giving him injections and medications. All the doctor says he did is he recommended rest. He does not mention that he did anything. Did he say he treated him? He does say that he treated him. Well, the rest isn't treatment. So he said he treated him, but he didn't say what the treatment was. He doesn't say that it's that extensive. He says it's all that it is. He didn't say all. He said, I treated him. How did he treat him?  Yes. It doesn't say that he did. Okay. So he didn't specify the treatment. How is that inconsistent with anything? It just is reasonable for him. It's a two-complete report. We're going to we'll report him to the AMA or the IMA or whatever it is. But his letter doesn't tell you exactly what kind of treatment he prescribed. But it says I gave him treatment. But it's. And you're criticizing the letter because he didn't put in the letter what kind of treatment he gave. Your Honor, I'm saying that the Immigration Judge made a reasoned decision, and the evidence does not compel a contrary conclusion, that the doctor would have said more if he had prescribed more, if he'd given him drugs, if he'd given him an injection. But he said he treated him, and he didn't say in what manner he treated him. That's correct. Okay. So the doctor's letter is incomplete, but not inconsistent. Well, the Immigration Judge found it to be inconsistent, and I'm. Well, that's right. That's why we're here. That's correct, Your Honor. I also want to point out, the Immigration Judge found that there, pointed out that there was no other corroboration of any of the claims that the petitioner made. There was no corroboration of his participation with the Student Seek Federation. But how does that impinge on credibility? I mean, his brother-in-law and brother are both killed, and the IJ said, well, he didn't present death certificates. But how does that impinge upon his credibility? It follows into the finding of persecution and credibility, Your Honor. It's this Court's jurisprudence. We're not on that issue yet. The question here is only credibility. You know, it may be that at some point in this proceeding, the IJ will say, okay, he's credible, but I find insufficient evidence. That's another issue. But here, we're just determining whether the credibility finding was supported by sufficient evidence. I believe it's your Court's precedence, Your Honor, that if there's no credibility, if the credibility is weak, the Immigration Judge can expect corroboration, and there's no corroboration of a death of a brother-in-law or a brother. There's no corroboration from his family when his family is still there, and he could have gotten letters or declarations or evidence, newspaper reports from his family. And the Immigration Judge did rely on that. I also want to point out that the Immigration Judge relied on the reports in the record that the situation for Sikhs in India has improved. There's a Human Rights Commission report that says it's improved by 94. It didn't give him the presumption. That might rebut a presumption or it might not. But in order to make that kind of a finding, or the change in conditions, you have to – if there's a presumption, you have to overcome a presumption. And that's not what happened in this case. So we're only at the credibility issues here. And you're talking about issues that are for the future. If he has credibility, it will be handled differently. Well, that's one way to look at it, Your Honor. But the totality of the Immigration Judge's decision, I believe, the evidence does not compel a contrary conclusion than that reached by the Immigration Judge. And as I said, Petitioner himself and the Immigration Judge relied on this. Petitioner himself is not Sikh. He's Hindu, and that's 80 percent majority in India, the Immigration Judge. Properly found, he's not credible. He properly denied his application for asylum. Okay. Thank you. Thank you, Your Honor. Very briefly, Your Honor, again, dealing with the credibility issue, and I think Judge Reinhart has hit it. Mr. Saini produced documents to support his claim. He submitted a doctor's letter that was in compliance. It supported the times that he was in jail, the dates were correct, the timing was correct, the bruises were correct. Everything was correct except the manner of treatment, which the judge didn't like because it wasn't specified. The letter from the spelunker, again, it was consistent with what Mr. Saini testified. The judge must have the I.J. must have substantial evidence to support an unfavorable credibility finding under Zahedi. She didn't have it in this case, and we would ask this matter be sent back to the Immigration Judge for another hearing on the issue of credibility, and so he can rebut it if that's the claim. What is your response to the fact the letter was in Hindi and was in English instead of Hindi? Your Honor, I can only go from the record, and what appears from the record is Mr. Saini's letter was in English, and he testified to that. I don't know why. He, you know, there was a significant amount of cross-examination on how many hands this letter had crossed through, but, again, when he was asked, why is it in English, he says, I don't know why. My family is uneducated. He didn't get the letter. He didn't speak to the person who got the letter. It came from a third party. Thank you, Your Honor. Thank you. Can I just ask you, he testified that the brother was missing and they couldn't find him. That's correct. He didn't have a body. Right. They didn't have a body and they couldn't have a ceremony. Okay. Thank you. Thank you, Your Honor. The case is submitted for decision. We'll hear the next case, which is Rusu v. McKayson.
judges: Schroeder, Dw Nelson, Reinhardt